Chester Rogers, Respondent, Appellant, *v.* John F. Burke, as Receiver of the Hamburg Railway Company, Appellant, Impleaded with James Dolce and Another, Respondents.

Fourth Department, March 19, 1930.

*Killeen & Sweeney* [*James C. Sweeney* of counsel], for the appellant John F. Burke, as receiver.

*Ward, Flynn, Spring & Tillou* [*Harold J. Tillou* of counsel], for the plaintiff.

*Thomas S. Serio* [*M. Edwin Merwin* of counsel], for the respondents James Dolce and Earl Tedesco.

PER CURIAM. The negligence of the owner and of the driver of the truck was a question of fact for the jury. Its finding has support in the evidence and the judgment in their favor must be affirmed.

The negligence of the defendant receiver was, under the main charge and the various requests, left to the jury on two specifications in substance as follows: Failure of the motorman to use due care (a) before the truck turned onto the track and (b) thereafter.

Specification (a) was properly submitted. We may not say as matter of law that under all the circumstances which the evidence here permitted the jury to find, due care was rendered to a passenger by driving the car at a speed of twenty-five or twenty-six miles an hour. It could be found that before the truck turned out, a potentially dangerous situation was arising from the simultaneous passing of three vehicles on the highway, with a fourth following close behind two of them. It could be found that this potentiality actuated the turn of the truck. Due care under such circumstances, occurring in plain view of the motorman, might very well have demanded some action by him before it was taken. The motorman himself stated the appropriate rule. The speed was probably proper " if there is nothing else around; if there is anything else, why, use caution." Whether caution was demanded and used was for the jury.

Specification (b) was erroneously submitted. It appeared without dispute from the plaintiff's own witness that just as soon as the truck turned on the track the motorman " hit the whistle, throwed the air over and reversed the car." There is no evidence that the mechanism was defective or that there were any brakes

other than the air brakes which had thus been set. There was nothing else which the motorman could have done. The distance thereafter traveled by that particular car is conclusive as to the distance within which it could be stopped. General statements as to the distance within which " a car " can be stopped are, under such circumstances, without weight and do not constitute evidence. The several requests of defendant receiver to charge with reference to stopping the car after the truck came onto the track should have been granted. We do not know upon which specification of negligence the verdict rests. The judgment should, therefore, be reversed and a new trial granted.

All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

On plaintiff's appeal: Judgment and order affirmed, with costs.
On defendant's appeal: Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.