ALFRED TUMBARELLO et al., Respondents, v. CITY OF NEW YORK, Appellant.— Action by plaintiff husband to recover damages for personal injuries, and by plaintiff wife for property damage. Judgment reversed on the facts and a new trial granted, with costs to abide the event. Plaintiff husband, operating an automobile owned by plaintiff wife and in which he was alone at the time, about noon on a Sunday, was proceeding easterly along Metropolitan Avenue in the Borough of Queens. It had been raining the night before and on the morning

of the accident, although the rain had stopped at about 11:30 A.M. The street was wet. A trolley, operated by an employee of defendant, was proceeding westerly on the avenue. There were two trolley tracks. Plaintiffs claimed that the automobile was caused to skid by striking a hole in the pavement on the southerly half of the street contiguous to and on the south side of the northerly rail of the eastbound track, and while so skidding that it proceeded to the left and came to a stop on the westbound track, and that the motorman failed to stop the trolley before striking the automobile. Negligence in the maintenance of the street and in the operation of the trolley after the automobile had stopped was claimed, and the case was submitted to the jury on both theories. There is merely a general verdict and if the case was improperly submitted to the jury on either theory, there must be a reversal, because we have no way to tell upon which theory the case was decided. (*Rogers* v. *Burke*, 229 App. Div. 361; *Thompson* v. *Peterson*, 152 App. Div. 667.) The verdict is contrary to the weight of the credible evidence on both theories. So far as the alleged defect in the street is concerned, the general testimony that when measured by a rule the rut or hole was " about 4" deep " is not borne out by the photographs, which, in the opinion of this court, do not show a condition of such depth. So far as the claim of the alleged negligence of the motorman is concerned, the court charged the jury, without exception, substantially, that if the automobile had not stopped before the impact, that plaintiffs could not recover on that theory. That became the law of the case. A determination that the automobile was stopped before the impact is contrary to the weight of the credible evidence. Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ., concur.