The infant plaintiff was struck in the eye by the corner of a swing, in a playground owned and operated by appellant, as she was approaching the adjoining swing in order to ride thereon. Two theories of negligence were submitted to the jury: (1) Failure to exercise ordinary care in the supervision and maintenance of the playground; and (2) improper construction of the swing area, in that a guard fence in front of the swings was too close to the swings. The jury rendered a verdict in favor of plaintiffs. Judgment reversed on the tyw and the facts, and a new trial granted, with costs to abide the event. Under the law of the case, charged by the court without exeeptipn, appellant was under a duty of exercising ordinary care in the maintenance, construction and supervision of the playground. Assuming, without deciding, that appellant failed to furnish adequate supervision over the activities in the playground, there is no evidence that such violation of appellant’s duty had any causal relation to the accident (Laub v. City of New York, 271 App. Div. 797; Dougherty v. City of New York, 267 App. Div. 828, affd. 295 N. Y. 786; Peterson v. City of New York, 267 N. Y. 204); and it was, therefore, error to submit that question to the jury. The proof presented an issue of faett as to the construction of the swing area, although evidence as to the distances and measurements involved was meagre; and that specification of negligence was properly submitted. Since one of the theories was erroneously submitted to the jury, and there was merely a general verdict, the judgment must be reversed as we have no way of determining upon which theory the case was decided, (Tumbarello v. City of New York, 269 App. Div. 847.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. .