In the Matter of BANNER MFG. Co., INC., Appellant. ROADLIN REALTIES, INC., Respondent. (Appeal No. 1.).— In a proceeding by the tenant (appellant) to have the court fix the reasonable rent of commercial space under section 2 of the Commercial Rent Law (L. 1945, ch. 3, § 2, subd. [e], as amd.), where it appears that the premises were unoccupied on the freeze date, and that the parties in October, 1946, entered into written agreements fixing the said rent " on the basis of the rent charged for the most nearly comparable commercial space in the same business section ", order denying appellant's application and granting respondent's cross motion to dismiss the petition, unanimously affirmed, with $10 costs and disbursements. The agreements indicate that there was satisfactory recognition of the statutory elements in fixing the agreed rent; and there is nothing in the petition which warrants interference with the agreements. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

WENDELIN BRUST et al., Appellants, v. MARGARET ASSELTA, as Administrator of the Estate of EDWARD J. ASSELTA, Deceased, Respondent.— Appeal by the landlords from a final order and judgment (one paper) of the County Court of Putnam County dismissing their petition in nonpayment summary proceedings, and from two orders denying their motions to set aside the verdict of the jury. Final order and judgment reversed on the law and the facts, and a new trial ordered, with costs to appellants to abide the event. The defense was actual partial eviction in that an instrument executed September 10, 1946, by which the tenant purported to release two portions of the demised premises was obtained by fraud and without consideration. Both theories were submitted to the jury. The instrument of September 10, 1946, was valid even in the absence of consideration. (Real Property Law, § 279.) Since the theory of invalidity of the instrument on that ground was erroneously submitted to the jury, and there was merely a general verdict, the final order and judgment must be reversed as we have no way of determining upon which theory the case was decided. (*Hansen* v. *New York City Housing Authority,* 271 App. Div. 986; *Tumbarello* v. *City of New York,* 269 App. Div. 847.) Appeal from orders denying the appellants' motion to set aside the verdict of the jury dismissed, without costs. Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

In the Matter of the Probate of the Will of ARCHIBALD C. W. COOPER, Deceased. RAYMOND HERKE, as Executor of ARCHIBALD C. W. COOPER, Deceased, Appellant; ANN A. COOPER, Respondent.— Decree of the Richmond County Surrogate's Court, dismissing appellant's petition and denying probate to a propounded will, reversed on the law and the facts and the matter remitted to the Surrogate's Court with directions to admit the will to probate in accordance herewith, with costs to appellant, payable out of the estate. In our opinion the will offered for probate, carrying out the same general testamentary scheme as the will executed by testator eight years earlier, together with the testimony of the three attesting witnesses, established testator's testamentary capacity, which was not overcome by the proof adduced by contestant. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.