■ Jay H. Ferrill, Jr., an Infant by Minnie F. Ferrill, His Guardian ad Litem, Respondent, v. Board of Education of Central School District No. 1, of the Towns of Monroe, Woodbury, Blooming Grove, Chester and Tuxedo, Appellant, et al., Defendant.— In an action by an infant, a grade-school student, to recover damages for personal injuries against the Board of Education, which operated and maintained the school, and a teacher therein, the jury rendered a verdict in favor of the infant against the Board of Education and in favor of the teacher against the infant. The Board of Education appeals from (1) so much of the judgment entered thereon as is against it, and (2) from so much of an order as denied its motion to set aside the verdict and to dismiss the complaint. The infant, then seven and a half years old, was in the school playground at the lunch recess, under the supervision of two teachers. While ascending a slide, and when three steps from the top, a girl student in front of the infant suddenly stood up on top of the steps to go down the slide head first, or what is commonly known as "belly-whopping". In the course of this maneuver her foot struck the infant causing him to fall and sustain the injuries of which he complains. There were between 125 and 150 children of

both sexes, ranging in ages from 6 to 12 in the playground at the time. Neither supervisor saw the accident but was informed of it by other students. Judgment insofar as appealed from reversed, without costs, and a new trial granted. It was error for the trial court to refuse to charge that it is not evidence of negligence for appellant to have failed to provide one or more additional slides for use at the playground. Appellant owed no duty to the infant to provide additional slides. Appellant's duty was to provide adequate supervision of activities within the school, and its duty was fulfilled when it provided adequate supervision in the person of one or more competent instructors. (*Graff* v. *Board of Educ.*, 258 App. Div. 813, affd. 283 N. Y. 574; *Miller* v. *Board of Educ.*, 291 N. Y. 25, 30.) " Proper supervision depends largely on the circumstances attending the event ". (*Ohman* v. *Board of Educ.*, 300 N. Y. 306, 309.) While we are of the opinion that it was for the jury to determine whether under the circumstances herein two instructors constituted adequate supervision for 125 to 150 children, ranging in ages from 6 to 12, we are unable to determine whether the finding of negligence against appellant, implicit in the jury's verdict, was based on the insufficient number of slides or on the insufficient number of supervisors. (*Moore* v. *Crestwood Manor*, 286 App. Div. 851; *Schafer* v. *Norwood Equip. Corp.*, 277 App. Div. 933; *Brust* v. *Asselta*, 273 App. Div. 975; *Hansen* v. *New York City Housing Auth.*, 271 App. Div. 986; *Tumbarello* v. *City of New York*, 269 App. Div. 847; *Clarke* v. *Schmidt*, 210 N. Y. 211.) Under the circumstances, a new trial is required in the interest of justice. Appeal from order dismissed, without costs, as academic. Nolan, P. J., Beldock and Hallinan, JJ., concur; Wenzel and Murphy, JJ., concur in the dismissal of the appeal from the order and in the reversal of the judgment insofar as appealed from, but dissent from the granting of a new trial, and vote to dismiss the complaint with the following memorandum: There was no necessity or requirement that appellant supervise, by the immediate presence of a teacher, each playground facility. Furthermore, it does not appear that this accident could have been anticipated and avoided by the presence of such a person. It was brought about by the impulsive and sudden act of another student.