■ RAYMOND DIAZ, an Infant, by His Guardian ad Litem, MODESTO DIAZ, et al., Respondents-Appellants, v. CITY OF NEW YORK et al., Appellants-Respondents.— Judgment in favor of the plaintiffs entered on the jury verdicts unanimously modified on the law and the facts to dismiss the complaint against the City of New York and the cross claim of the City of New York against the contractor Edenwald, and otherwise affirmed, with $50 costs to the prevailing parties, except that no costs are awarded Edenwald against the city. This action is to recover damages for injuries suffered by, and to recover medical expenses incurred in behalf of, the six-year-old infant plaintiff when he fell from the sixth step of the ladder of an eight-step-high "sliding pond", as the result of a push in the stomach by the boy above him on the steps of the slide, in a playground area of a nearly completed park. There was no evidence nor contention that the sliding pond was defective or inherently dangerous; and liability of the city was predicated solely upon lack of supervision. On July 12, 1961, the day before the park was turned over to the city by the contractor as completed, the infant plaintiff went to the area with his mother and little sister at about 5:00 P.M., and he was under his mother's supervision. She was only 35 feet from him when he was injured. He testified that when he was on the sliding pond steps he was pushed only on the one occasion when he fell. There was no credible evidence of conduct at the

slide which reasonable supervision would have corrected. In other words, there was no showing that lack of supervision was the proximate cause of the accident. (*Ohman* v. *Board of Educ.*, 300 N. Y. 306, 310; *Munson* v. *Board of Educ.*, 17 A D 2d 687, affd. 13 N Y 2d 854; *Bennett* v. *Board of Educ.*, 16 A D 2d 651, affd. 13 N Y 2d 1104, and cases cited therein; *Turano* v. *City of New York*, 17 A D 2d 191, mot. for lv. to app. den. 12 N Y 2d 648; *Carelli* v. *City of New York*, 21 A D 2d 780; and see *Rivera* v. *City of New York*, 11 N Y 2d 856.) Were we not dismissing the complaint, we should order a new trial for errors in the charge for failure to submit to the jury the questions of fact whether the park was apparently open for public use or whether the signs and gate revealed to the public that it was not yet open for public use, and whether the plaintiff was a trespasser, licensee or invitee, and for failure to instruct the jury as to the concomitant duty of the city toward the plaintiff depending upon his status (*Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95; and see 1 NY PJI 178–180). Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Steuer and Witmer, JJ.