■ WESTERN OIL SALVAGE CORPORATION, Appellant, v. WILLIAM L. HUGHES, Respondent.— Order entered June 11, 1965 dismissing the complaint, and the judgment entered thereon, unanimously affirmed, with $50 costs to the respondent. The court has not acquired personal jurisdiction over the defendant, a nondomiciliary, as to any alleged cause of action (CPLR 302). Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.

(Republished)

■ ETHEL HAMILTON et al., Respondents, v. PRESBYTERIAN HOSPITAL OF THE CITY OF NEW YORK, Appellant.— Judgment entered in plaintiff's favor unanimously reversed on the law and a new trial ordered, with $50 costs to abide the event. Inasmuch as the jury rendered a general verdict it cannot be determined whether the defendant hospital was cast in liability by reason of the conduct of the physician or the nurse, or by reason of the hospital's failure to provide adequate lighting in the hospital room. In such posture we must assume that the verdict was bottomed on all three grounds and if a verdict based upon any one of these grounds cannot be sustained this judgment may not stand (*O'Connor* v. *595 Realty Assoc.*, 23 A D 2d 69, 72; *Hansen* v. *New York City Housing Auth.*, 271 App. Div. 986; *Tumbarello* v. *City of New York*, 269 App. Div. 847; *Rogers* v. *Burke*, 229 App. Div. 361). We conclude that the evidence is insufficient to sustain a finding of malpractice on the part of the physician based upon his conduct in issuing instructions that the plaintiff patient could leave the bed. In any event, even if malpractice could be found, it was not the proximate cause of the injury. Accordingly, the plaintiff may not recover on that ground. Since the jury may have based its verdict upon the alleged malpractice of the physician, that verdict may not stand and the judgment entered thereon must be reversed and a new trial ordered. However, as we have determined that no case was made out based upon the alleged malpractice of the physician the new trial should be limited to the other grounds asserted as a basis for defendant's liability. We might add that the court's charge that " contributory negligence will not prevent the plaintiff from recovering where you find that there is malpractice " was, in this case, erroneous. (41 Am. Jur., Physicians and Surgeons, § 80; 70 C. J. S., Physicians and Surgeons, § 51; see *Carpenter* v. *Blake*, 75 N. Y. 12, 24.) Such error in and of itself would require a new trial. Concur — Rabin, J. P., McNally, Eager, Steuer and Staley, JJ.