Memorandum.
Upon reargument, we adhere to our original determination that Walston did not acquire good title to the certificates in question since they were not transferred in compliance with former section 162 of the Personal Property Law. Since the transfer did not comply with the above-mentioned section Walston is not protected by former sections 166 and 168 of the Personal Property Law and its defense of good faith does not absolve it from liability for converting Bache & Co.’s property (see Pierpont v. Hoyt, 260 N. Y. 26; Casey v. Kastel, 237 N. Y. 305). Thus, Walston’s good faith is not an issue in this case and we need not reach it.
The measure of damages for conversion of stock certificates is the cost of replacement within a reasonable period after the discovery of the conversion, regardless of when the conversion may have occurred (Mayer v. Monzo, 221 N. Y. 442, 446; Jones v. National Chautauqua County Bank, 272 App. Div. 521, 528). Here the securities were replaced within six business days of the discovery of the conversion at a cost of $87,136.07.
Since no issues of fact remain, the order appealed from should be reversed and judgment directed in favor of the plaintiff against the defendant for $87,136.07, with interest from June 20, i960 (the settlement date), without costs.
Judges Burke, Sctleppi, Keating and Jasen concur in memorandum; Chief Judge Fuld and Judges Bergan and Breitel dissent and vote to affirm on the dissenting opinion by Judge Breitel upon the original appeal (21 N Y 2d 219, 229).
Upon reargument: Order reversed, etc.