■ SALVATORE LAURICELLA, an Infant, by His Father and Natural Guardian, CARL LAURICELLA, et al., Respondents, v BOARD OF EDUCATION OF THE ·CITY OF BUFFALO, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: The Board of Education of the City of Buffalo appeals from judgment pursuant to jury verdict, in favor of the infant plaintiff, for injuries suffered by him and for his father for medical expenses incurred by him, resulting from the alleged negligence of appellant board of education. Respondent infant was a student at Grover Cleveland-High School in Buffalo. He suffered severe injuries when he was pushed, thrown or forced to jump from the second-floor window of the school's lavatory while allegedly being attacked without provocation by several black students. Respondents alleged that the board of education was negligent in failing to provide adequate supervision in the halls and lavatories of the school under the conditions which existed on the day of the occurrence. The school principal testified that there had been racial problems at the school and that he had attempted to develop programs to deal with the problems. That the day before the respondent's injuries a student was wounded by a pellet gun in a shooting which occurred on the sidewalk outside the school. The principal felt that the situation required action and he called a faculty meeting and alerted the faculty that he was putting into effect for that day a plan designated as Schedule A, an emergency procedure which required additional precautions over and above the normal supervision routine and responsibilities. Under the plan the teachers' free periods were suspended

and in addition to other precautions they were to exercise supervision of all the halls in the building. The principal further spoke over the public address system that morning, according to his testimony, to assure the students that precautions had been taken and that the students would be safe coming to and from school. He informed the students that he had put into operation Schedule A, which had previously been explained to them. In addition to the teachers other personnel known as teachers' aides were on duty and they were required to be in constant motion patrolling the hallways. The principal stated that an aide was to be on duty on the second floor, where the lavatory was located in which plaintiff infant was attacked, and that the aide would be able to see the lavatory entrance. Notwithstanding these planned precautions about 20 students were allowed to gather in the lavatory where the incident took place and no teacher or aide investigated this situation. According to the principal's testimony other incidents occurred on that day resulting in injury to students, and all cases were reported. No one reported the incident involving the plaintiff until some time after the event, and this report was made by teachers who found the plaintiff on the ground after he had been attacked. Appellant correctly urges that the board of education is not the insurer of the safety of its students (*Lawes v Board of Educ. of City of New York*, 16 NY2d 302; *Ohman v Board of Educ. of City of New York*, 300 NY 306; *Passafaro v Board of Educ. of City of New York*, 43 AD2d 918; *Swiatkowski v Board of Educ. of City of Buffalo*, 36 AD2d 685). However, the board of education has the obligation to supervise the activities of the students when the school has the care and charge of them during school hours (*Cioffi v Board of Educ. of City of New York*, 27 AD2d 826, 827; *Gonzalez v Mackler*, 19 AD2d 229, 231; *Cianci v Board of Educ. of City School Dist. of City of Rye* 18 AD2d 930, 931; 2D Warren's Negligence, School Districts, § 2.02, p 81). The question to be answered in the instant case is whether in the circumstances existing on the day of the incident the school failed to carry out its obligation and responsibility of supervision. "Negligence is to be gauged by the ability of one to anticipate danger" (*Lane v City of Buffalo*, 232 App Div 334, 338). "Negligence arises from breach of duty and is relative to time, place and circumstance" (*Caldwell v Village of Is. Park*, 304 NY 268, 274). Whether the school was negligent in the discharge of its duty to provide adequate supervision in the circumstances is a question of fact (*Gonzalez v Mackler*, 19 AD2d 229, 231). The issues of whether the occurrence was foreseeable and proximately related to the absence of supervision were properly submitted to the jury for its resolution. Respondents contend that the trial court abused its discretion in not permitting respondent infant to prove his lost wages, both actual and potential. In its demand for a bill of particulars the board of education specifically requested particulars concerning respondent's incapacitation from employment and his loss of earnings, if any. Respondent failed to assert any claim for loss of earnings. It was not until the second day of trial that he made known his intention to claim lost wages, actual and potential, as an element of damages. As a matter of discretion the trial court denied respondent's effort to amend his bill of particulars, stating that respondent should have moved prior to trial and his failure to do so, with no showing of special circumstances or excusable neglect, precluded him from amending at this late date. Under the circumstances the trial court properly exercised its discretion. (Appeal from judgment of Erie Supreme Court in negligence action.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.