■ JAY HOFFMAN, Respondent-Appellant, v MARILYN DORNER et al., Appellants-Respondents. — In an action to recover damages for conversion, the parties cross-appeal from a judgment of the Supreme Court, Kings County (Morton, J.), entered December 29, 1980, which, upon a jury verdict, was, *inter alia,* in favor of plaintiff and against the defendants on the first four causes of action and in favor of defendant Marilyn Dorner and against plaintiff on her first counterclaim. Judgment reversed and case remitted to the Supreme Court, Kings County, for a new trial on the issue of liability as to defendant Frederick Dorner and on the issue of damages as to both defendants, in accordance herewith, with costs to abide the event. In this conversion action, a divorced husband alleges, *inter alia,* that his former wife and her new husband appropriated and converted his collection of gold and silver coins. On the issue of liability, we find no cause to disturb the jury's verdict in the main action as against defendant Marilyn Dorner or the verdict of liability and damages on the counterclaims. The verdict of no liability on Marilyn's second and third counterclaims also need not be disturbed based upon this record. However, the verdict of liability against Frederick Dorner cannot stand. Although the record supports a finding of liability against Frederick Dorner for the conversion of the silver coins (as conceded by counsel), there was a complete failure of proof as to the gold coins. Inasmuch as the verdict of liability was a general, rather than a special verdict, it is impossible to determine whether the jury found Frederick Dorner liable based upon a ground not supported by the evidence. Accordingly, we have no choice but to reverse and remit for a new trial (see *Davis v Caldwell,* 54 NY2d 176; *Killeen v Reinhardt,* 71 AD2d 851; *Hamilton v Presbyterian Hosp. of City of N. Y.,* 25 AD2d 431, app dsmd 17 NY2d 719; see, also, Siegel, New York Practice, § 399). The new trial shall be limited solely to Frederick Dorner's liability with respect to the silver coins. Furthermore, we hold that the trial court erred in its charge to the jury on the measure of damages to be applied to the conversion of the coin collection and a new trial on the issue of damages is warranted as to both defendants. The general rule of damages in a conversion action is the value of the property at the time and place of the conversion, plus interest (see *Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326; *Jones v Morgan,* 90 NY 4, 10). Where, however, the property converted is of fluctuating value, the damages are measured by considering the highest market value within a reasonable time after the plaintiff's discovery of the conversion (*Hartford Acc. & Ind. Co. v Walston & Co.,* 22 NY2d 672, 673; *Baker v Drake,* 53 NY2d 211). Gold and silver coins and bullion clearly constitute property with fluctuating value. Such coins are not unique and irreplaceable, however, as are works of art, for which the failure to

return such works would result in the wrongdoer's responding in damages to the extent of the value of the item at the time of trial (*Menzel v List,* 24 NY2d 91; *Matter of Rothko,* 56 AD2d 499, affd 43 NY2d 305). In this case the plaintiff attempted to prove his loss by presenting evidence of both the numismatic and the melt-down or bullion value of the coins. On the record before us, it appears that plaintiff was a collector of coins who would not have sold his coins for their bullion value. If, on retrial, plaintiff again demonstrates that he is a collector, he will be entitled to damages equal to the highest numismatic value, if proven, of the coin collection within a reasonable time after plaintiff's discovery of the conversion. If, however, plaintiff seeks to prove his loss by proof of the bullion value of his coins, then the measure of damages will be the highest bullion value within a reasonable time after such discovery of the conversion (see *Hartford Acc. & Ind. Co. v Walston & Co., supra; Baker v Drake, supra;* see, generally, Fuchsberg, Encyclopedia New York Law, Damages, § 908; Restatement, Torts 2d, § 927; 10 NY Jur, Conversion, § 72; Dobbs, Remedies, § 5.14; 2 Joyce, Damages, §§ 1166, 1179). As we have determined that a new trial on damages is required, we need not address the issue of whether the evidence was sufficient to support the damages verdict. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.