Anthony Cavello et al., Appellants, v Sherburne-Earlville Central School District, Respondent.

Third Department, October 17, 1985

APPEARANCES OF COUNSEL

*Ronald R. Benjamin* for appellants.

*Hogan & Sarzynski* (*Edward J. Sarzynski* of counsel), for respondent.

OPINION OF THE COURT

Yesawich, Jr., J.

Plaintiffs Anthony and Ginger Cavello are the parents of two infant children, plaintiffs Anthony, Jr. (AJ), and Tina Cavello. The allegations of the complaint, which are assumed to be true for purposes of the motion to dismiss for failure to state a cause of action which is the subject of this appeal (*Cohn v Lionel Corp.,* 21 NY2d 559, 562), assert the following: that in January of 1983, the Cavello family moved to Chenango County where Tina and AJ thereupon enrolled as high school students in defendant, Sherburne-Earlville Central School District; soon after starting classes, Tina was ceaselessly badgered by another female student named Bobby Jo; verbal abuse, foul language, death threats and the brandishing of a knife characterized the ongoing

harassment which Tina claims to have suffered for nearly a year; Tina's brother AJ was subjected to considerably less, but like, harassment.

It is further alleged that plaintiffs repeatedly advised defendant's guidance counselors, dean of students and Superintendent of Schools of the intimidating conditions created by Bobby Jo, and thereafter, by the latter's sister and friends, and that to protect Tina, defendant's officials first segregated her from other students by having her study in the guidance offices and later arranged for tutoring at home. As a specific example of reckless disregard for the safety of Tina, plaintiffs point to an instance when a school guidance counselor "placed Tina and Bobby Jo in a room, telling Bobby Jo to lock the door from the inside and, 'settle your differences'". Plaintiffs further state that school officials informed the parents in February 1984 that "it was too dangerous for their children Tina and Anthony, Jr. to come to school and stated that the District would provide the children a correspondence course".

The complaint concludes that negligent handling of the problem by defendant's officials deprived the Cavello children of education and training and subjected them to continuous emotional distress, for all of which the children seek compensatory damages. In addition to damages for emotional distress, the parents also seek to recover those sums they maintain they will be obliged to expend in the future to secure an appropriate education for their children.

Special Term embraced defendant's suggestion that plaintiffs' complaint sounded only in educational malpractice, a cause of action not recognized in New York (*Hoffman v Board of Educ.,* 49 NY2d 121; *Donohue v Copiague Union Free School Dist.,* 47 NY2d 440), and dismissed the complaint in its entirety. Plaintiffs contend that their complaint merely charges defendant with common-law negligence, that of failing to provide adequate supervision over students under its control.

The *Donohue* and *Hoffman* decisions undeniably preclude students from suing school officials for an alleged failure to reach educational objectives. Accordingly, to the extent that the complaint seeks recovery on behalf of the infant plaintiffs for lost education and training due to the school's alleged negligence, no cause of action lies. Nor do the parents enjoy a cause of action for the cost of providing Tina and AJ with alternative education; any such claim necessarily falls within the ambit of foreclosed claims, since it too implicates the quality of the education defendant provided.

That parents have, as they now concede, no cause of action for emotional distress is also clear (*Bovsun v Sanperi,* 61 NY2d 219). However, unlike the parents' claims in this regard, which have no legally cognizable underpinning, those of Tina and AJ for emotional suffering due to defendant's negligent supervision of other students are predicated on well-recognized principles: first, that if there is a duty owed by a defendant to a plaintiff, a breach of that duty resulting directly in emotional harm is compensable even though physical harm is lacking (*Kennedy v McKesson Co.,* 58 NY2d 500, 504), and second, that a school district is obliged to adequately supervise the activities of students within its charge (*Wheeler v Stevensville Hotel & Country Club,* 103 AD2d 945; *Lauricella v Board of Educ.,* 52 AD2d 710; *Cioffi v Board of Educ.,* 27 AD2d 826, 827). And while a school is not an insurer of student safety, it will be held liable in damages for a foreseeable injury proximately related to the absence of supervision (*Lauricella v Board of Educ.,* 52 AD2d 710, 711, *supra*). In *Hoose v Drum* (281 NY 54), for example, evidence that teachers were aware that pupils tore off goldenrod stalks and threw them at other students, thereby causing serious injury to the eye of one of the students, suggested that the teachers were at fault; significantly, the court noted that "[t]he effective cause of the plaintiff's injuries was a failure [by the teachers] to protect the boys against themselves" (*supra,* at p 58).

The complaint herein, on behalf of the infants, alleges that the parents again and again notified the school about the harassment of Tina and AJ by other students; it particularizes the response by school officials to the infant plaintiffs' plight and concludes that defendant's handling of the situation was negligent and caused the children emotional distress. In our view, the infant plaintiffs' complaint is legally sufficient for it presents a question of fact concerning whether defendant reasonably discharged its duty to supervise the students.

MAIN, J. P., WEISS, LEVINE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the claims of Tina Cavello and Anthony Cavello, Jr., for emotional distress; motion denied as to those causes of action; and, as so modified, affirmed.