■ GEORGE W. HANLEY, an Infant, by MARTHA A. HANLEY, His Parent and Natural Guardian, et al., Appellants, v RICHARD HORNBECK et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court, entered June 18, 1985 in Chenango County, which set aside a verdict in favor of plaintiffs rendered at Trial Term (Ingraham, J.), and dismissed the complaint.

On June 21, 1983, plaintiff George Waldmar Hanley, an eighth grade student at defendant New Berlin Central School District, was participating in a game of wiffleball with, among

others, defendant Richard Hornbeck, when the two youngsters became involved in an altercation during which Hornbeck struck Hanley resulting in injuries to his nose and teeth.

Hanley's mother, individually and on her son's behalf, sued both Hornbeck and the School District. Plaintiffs allege that the School District's gym teacher, George Seiler, was negligent in the discharge of his duties as the School District's agent in his supervision of the gym class. The School District denied the allegations set forth in the complaint, and, as a separate defense alleged that Hanley's injuries were caused solely by his own culpable conduct. The School District also cross-claimed for contribution.

Testimony at trial showed that Hanley and Hornbeck were on opposing teams in the wiffleball game when a dispute arose as to who was to take over the position of catcher, even though Hanley was a player on the team in the field and Hornbeck was a player on the team at bat. As both boys were debating this issue they came into contact with each other. When Seiler, the School District's gym teacher, started to separate the boys, Hornbeck hit Hanley in the face. Seiler testified that only a few seconds had elapsed from the time he first saw the two boys pushing each other to when the scuffle ended. Plaintiffs did establish at trial that Hornbeck had previously been involved in a fight with two boys and had placed himself in a position requiring discipline.

At the close of the case, Trial Term reserved decision on the School District's motion to dismiss the complaint. The jury returned a verdict in favor of plaintiffs for damages totaling $8,500 and apportioned 20% culpable conduct to Hornbeck. Thereafter, Trial Term granted the School District's motion to set aside the jury verdict, holding that the proximate cause of Hanley's injuries was the unforeseen intervention of Hornbeck and, accordingly, no liability could be attributed to the School District. This appeal by plaintiffs ensued.

A school district is obliged to adequately supervise the activities of students within its charge (*Cavello v Sherburne-Earlville Cent. School Dist.*, 110 AD2d 253, 255, *appeal dismissed* 67 NY2d 647). While a school is not an insurer of student safety, it will be held liable for a foreseeable injury proximately related to the absence of supervision (*Lauricella v Board of Educ.*, 52 AD2d 710, 711). Thus, here the issue is whether there was sufficient evidence for a jury to find that the School District breached its duty to Hanley by reason of the negligent manner in which its agent, the gym teacher,

discharged his duty of supervising the gym class. For the following reasons we are constrained to hold that the trial record was wholly inadequate with respect to any breach of the School District's duty of care to justify the verdict.

While the record does reveal that Hornbeck had a disciplinary record, the only specific incident involving him occurred in 1979 when he assaulted two students on a bus trip. The record also shows that Hornbeck had been referred to the School District's committee on the handicapped as the result of some behavioral traits he exhibited in the sixth grade. The committee, however, determined that he should remain schooled with the regular students. Accordingly, Hornbeck's disciplinary record did not show such a strong propensity to engage in violent or physical behavior as to warrant a finding that the School District should have isolated or supervised him to a greater degree than other students. Here, no proof was adduced which would or should have forewarned the School District of Hornbeck's assault on Hanley. Seiler was a mere 25 feet from where the altercation occurred and he responded immediately when he became aware of the dispute between Hanley and Hornbeck. Before the oral altercation broke out between the boys "[t]he need for closer supervision could not reasonably have been apprehended" *(Bertola v Board of Educ.,* 1 AD2d 973).

Thus, Trial Term properly granted the School District's motion to set aside the jury verdict as to it. Since the School District was not negligent, it is not necessary to reach the issue of proximate cause.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.