■ VICTOR L. JAMES, JR., II, an Infant, by BEVERLY H. JAMES, His Mother and Natural Guardian, et al., Respondents, v GLOVERSVILLE ENLARGED SCHOOL DISTRICT, Appellant.— Weiss, J. Appeal from an order of the Supreme Court (White, J.), entered September 16, 1988 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

This is an action to recover damages for personal injuries sustained by an infant in the schoolyard of defendant's Park Terrace Elementary School in the City of Gloversville, Fulton County, during a postlunch recess period. The complaint alleges that plaintiff Victor L. James, Jr., II (hereinafter plaintiff) was "set upon, hit, kicked, pushed, struck, beaten, and thrown to the ground" by a fourth grade classmate (hereinafter the student) and predicates liability upon defendant's failure to properly supervise, control, regulate and safeguard pupils within the recess area of its school. Following discovery, Supreme Court denied defendant's motion for summary judgment dismissing the complaint, giving rise to this appeal.

Defendant has contended in both its motion before Supreme Court and its brief before this court that it made a prima facie showing of entitlement to summary judgment as a matter of law through the tender of evidence sufficient to eliminate from the case any triable issues of fact. Defendant contends

that it proved through sworn deposition testimony that it fulfilled its duty to adequately supervise the area by providing four or five supervisory personnel who were on duty in the playground during the recess. Further, defendant claims that the intervening culpable act of the student was the proximate cause of plaintiff's injuries, obviating any issue of foreseeability. Defendant argues that plaintiffs failed to sustain their burden of proving the existence of material triable issues of fact and that Supreme Court erred in denying its motion for summary judgment. We disagree and affirm.

While ordinarily an attorney's affidavit not based on personal knowledge is insufficient to defeat a summary judgment motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), here plaintiff's attorney specifically based his affidavit upon sworn testimony from the hearing conducted pursuant to General Municipal Law § 50-h and the examinations before trial of the school principal and plaintiff's teacher. In addition, examination before trial testimony of plaintiff and his mother was submitted together with an opposing affidavit from plaintiff. Plaintiff averred that he told his teacher that the student had tripped him shortly before the attack in question and that she did nothing about it. He further contended that the lunchroom aides were sitting on a bench talking to each other with their backs to the scene of the incident, contrary to specific written rules and guidelines for personnel assigned to oversee the recess, and that no aide supervisor was present. Plaintiff and his mother also testified that they had reported previous occasions when the student had picked on plaintiff to plaintiff's teacher.

Although a board of education is not an insurer of the safety of its students *(Lawes v Board of Educ.,* 16 NY2d 302), there is an obligation to adequately supervise the activities of students within its charge *(Cavello v Sherburne-Earlville Cent. School Dist.,* 110 AD2d 253, 255, *appeal dismissed* 67 NY2d 647), and it will be held liable for a foreseeable injury proximately related to the absence of supervision *(Lauricella v Board of Educ.,* 52 AD2d 710, 711). The issue thus distills to whether plaintiffs have sufficiently demonstrated that the cause of injury was a failure by the teacher, principal and aides to protect plaintiff from a known and foreseeable source of harm. Whether the earlier tripping incident and the previous complaints about the student's aggressive misbehavior toward, and involvement with, plaintiff should have constituted notice and warning of the potential for future altercations are factual issues for resolution by a jury *(see, Cavello v*

*Sherburne-Earlville Cent. School Dist. supra,* at 255). Equally important is the question of whether the teacher and principal should have foreseen the possibility that the student might involve himself in an altercation with plaintiff *(see, Hoose v Drumm,* 281 NY 54, 58; *Germond v Board of Educ.,* 10 AD2d 139). Finally, whether the assigned lunchroom aides violated the rules and procedures for supervision by allegedly sitting on a bench talking to each other with their backs to the children is also a triable factual issue.

Since the function of the court on a motion for summary judgment is issue finding and not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Bershaw v Altman,* 100 AD2d 642, 643), and the evidence proffered by the nonmoving party must be accepted as true *(see, Herman v Powers,* 103 AD2d 992, 993), we cannot say that Supreme Court erred in denying the motion. Defendant has relied upon the fact that by employing four or five aides it fulfilled its duty of providing adequate supervision. This court has held that the adequacy of the supervision under the prevailing circumstances is an issue for jury determination *(Ferrill v Board of Educ.,* 6 AD2d 690, 691, *lv denied* 6 AD2d 802).

Finally, we find *Benitez v New York City Bd. of Educ.* (73 NY2d 650), in which the infant plaintiff sustained catastrophic injury in an organized extracurricular league football game, which was relied upon by defendant, to be factually distinguishable.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.