◼ CHRISTIAN G'STYR, Respondent, v A & J PARKING CORPORATION, Appellant, et al., Defendants. [603 NYS2d 188] —Cardona, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 18, 1993 in Ulster County, which denied defendant A & J Parking Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff sustained personal injuries at approximately 5:30 A.M. on April 28, 1988 when he was pinned against his parked vehicle by a truck driven by defendant Chong S. Kim. On the morning of the accident, plaintiff had driven to the Fulton Fish Market in New York City in order to purchase fish. He entered the parking lot and paid a $10 fee to a lot attendant who directed plaintiff where to park. At the time of the accident, plaintiff was standing at his car inspecting fish which had been loaded into the trunk.

Plaintiff claims that as lessor and operator of the parking lot, defendant A & J Parking Corporation was negligent in directing traffic and customers and generally failing to provide a safe and secure area in which to park. A & J claims that it could not be liable because, pursuant to the terms of its lease with the City of New York, it does not have use of the premises until 7:00 A.M. and that any operations prior to 7:00 A.M. were different and separate from A & J operations. The lease has not been made a part of the record in this appeal.

Accepting the evidence proffered by plaintiff (the nonmoving party) as true (see, James v Gloversville Enlarged School Dist., 155 AD2d 811, 813) and regardless of whether a written lease limits A & J's operations until after 7:00 A.M., we agree with Supreme Court that this record presents material questions of fact requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557, 560), namely, whether defendant was in possession and control of the parking lot prior to 7:00 A.M. on the date of the accident and whether A & J's conduct respecting traffic direction and control on the premises was negligent. Inasmuch as reasonable minds could differ as to the inferences to be drawn from the facts presented, summary judgment is inappropriate (see, Myers v Fir Cab Corp., 64 NY2d 806, 808).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.