■ GERALD GRIFFIN, Individually and as Parent and Natural Guardian of LAUREN GRIFFIN, an Infant, Appellant, v COUNTY OF ORANGE et al., Defendants, and TOWN OF WOODBURY, Respondent. [619 NYS2d 814] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Miller, J.), entered January 25, 1993 in Orange County, which, *inter alia,* granted defendant Town of Woodbury's motion for summary judgment dismissing the complaint against it.

Plaintiff seeks to recover on behalf of his daughter, Lauren Griffin (hereinafter Griffin), and derivatively, for injuries she sustained when she collided with a lifeguard chair while at a public swimming facility, in Orange County operated and maintained by defendant Town of Woodbury. When Griffin, who was 12 years of age, was injured, she was running from defendant Charles Tausk, a schoolmate who, with several other young boys, had been chasing Griffin and her friends, and engaging in other horseplay, throughout the afternoon.

Plaintiff claims, *inter alia,* that the configuration of the lifeguard chair was unreasonably dangerous, and that the park lifeguards negligently failed to put a stop to activities that were recognized to be hazardous. Supreme Court granted the Town's motion for summary judgment dismissing the complaint against it, and plaintiff appeals.

We agree with Supreme Court that plaintiff failed to demonstrate any triable question of fact with respect to whether the lifeguard chair itself was defectively designed, assembled or maintained. Nevertheless, because the deposition testimony, viewed in the light most favorable to plaintiff, could support a finding that the Town's employees failed to provide adequate supervision over the activities taking place on its premises *(see, Fritz v City of Buffalo,* 277 NY 710), and that Griffin's injuries were a natural and foreseeable result of that failure *(see, Leone v City of Utica,* 66 AD2d 463, 467, *affd* 49 NY2d 811), summary judgment should have been denied.

The lifeguards had been instructed to reprimand patrons observed running, and to expel those who did not heed their warnings. Despite that fact, Tausk and his friends, who assertedly had been running and chasing Griffin and her friends, off and on for several hours, were allowed to do so with impunity, other than to be admonished once by a lifeguard to "cut it out" and then only after the girls had registered a complaint. The continuing nature of the boys' dangerous conduct provided ample opportunity for the lifeguard to put an end to that conduct *(see, James v Gloversville Enlarged School Dist.,* 155 AD2d 811, 812-813; *Blair v Board of Educ.,* 86 AD2d 933, 933-934; *cf., Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202). The Town's contrary view notwithstanding, we find that the circumstances under which Griffin was injured are distinguishable from those present when an accident is caused by a single, unexpected occurrence *(compare, Bua v South Shore Skating,* 193 AD2d 774; *Diaz v City of New York,* 25 AD2d 430, 430-431, *affd* 23 NY2d 748).

Nor can it be said that no reasonable person would consider the risk of injury from colliding with a stationary object, while being chased, to be a foreseeable consequence of the Town's failure to adequately supervise children playing in a park *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Rotz v City of New York,* 143 AD2d 301, 306). Neither Tausk's behavior, nor that of Griffin, was so exceptional in nature, or so divorced from the Town's failure to supervise, as to render the imposition of liability upon the Town unreasonable, as a matter of law.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant Town of Woodbury's motion; said motion denied; and, as so modified, affirmed.