■ RICHARD MALIK et al., Individually and as Parents and Guardians of JASON MALIK, an Infant, et al., Respondents, v

GREATER JOHNSTOWN ENLARGED SCHOOL DISTRICT, Appellant, and DANIEL O'DONNELL, as Parent and Guardian of STEVEN L. O'DONNELL, an Infant, et al., Respondents. [669 NYS2d 729] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 23, 1996 in Fulton County, which denied a motion by defendant Greater Johnstown Enlarged School District for summary judgment dismissing the complaint and all cross claims against it.

This action arises out of a March 22, 1993 incident involving students at Johnstown High School in Fulton County. While defendant Steven L. O'Donnell was walking in a school hallway during the school's "open lunch" period, he picked up a metal fragment (a portion of the "U" from a broken padlock) that another student had just dropped on the floor and impulsively threw it in the direction of the girls' locker room door, tragically striking plaintiff Jason Malik in the eye and injuring him. As relevant here, the claim of liability against defendant Greater Johnstown Enlarged School District is premised upon an alleged breach of its duty to adequately supervise its students. Following joinder of issue and discovery, the school district moved for summary judgment dismissing the complaint and all cross claims against it. Supreme Court denied the motion and the school district now appeals. Because we conclude that plaintiffs failed to oppose the school district's prima facie showing with competent evidence sufficient to raise a legitimate question of fact on the issue of the school district's negligence, we are constrained to reverse Supreme Court's order and grant judgment dismissing the complaint and all cross claims against the school district.

Fundamentally, a school is not an insurer of the safety of its students; it is, nonetheless, obligated to adequately supervise the activities of the students under its care and will be held liable for foreseeable injuries which are proximately related to the absence of supervision (*see, Mirand v City of New York*, 84 NY2d 44, 49; *Hanley v Hornbeck*, 127 AD2d 905; *Cavello v Sherburne-Earlville Cent. School Dist.*, 110 AD2d 253, *appeal dismissed* 67 NY2d 601). Recently, the Court of Appeals had occasion to consider the scope of a school's duty of care in connection with injuries sustained by one student at the hand of another, stating: "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have

been anticipated. * * * Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily; an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand v City of New York, supra*, at 49 [citations omitted]). In this case, Supreme Court relies upon past instances of antisocial behavior on O'Donnell's part, the school's usual practice of posting a teacher in the hallway during the "open lunch" period, and evidence suggesting that there may not have been a hall monitor present at the time of the subject incident as raising questions of fact on the issues of notice and the adequacy of the school district's precautions against an incident such as the one that caused the injuries to Malik.

We are not persuaded. First, we disagree with Supreme Court's conclusion that O'Donnell's past behavior put the school district on notice "to anticipate future anti-social actions from him". In our view, O'Donnell's earlier incidents of fighting were too remote in time and insufficiently similar to the instant incident to put school personnel on notice that he posed a danger to other students in the hallways and, particularly, that he was apt to commit the subject act (*see, id.; Hanley v Hornbeck*, 127 AD2d 905, 907, *supra; DeMunda v Niagara Wheatfield Bd. of Educ.*, 213 AD2d 975, 976). Second, based upon the spontaneous nature of O'Donnell's impulsive act, we seriously question whether the school district could have anticipated or taken any measures to prevent it (*see, Borelli v Blind Brook Unified School Dist.*, 244 AD2d 305; *Ceglia v Portledge School*, 187 AD2d 550; *Tomlinson v Board of Educ.*, 183 AD2d 1023, 1024). Unlike roughhousing or even fighting, which are reasonably foreseeable and can be relatively easily controlled through adult intervention, it is a matter of considerable speculation as to whether a hall monitor's presence would have prevented O'Donnell's unthinking action (*see, Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553, 554).

Third, we do not read *Mirand v City of New York* (*supra*) as standing for the proposition that a school's deviation from its own security plan necessarily constitutes negligence. To the contrary, in that case the Court of Appeals took pains to stress that the defendant's failure to comply with the requirements of its security plan was not the only factor establishing negligence

(*id.*, at 49). Here, there is no evidence that the school's policy of posting hall monitors was implemented in response to a legitimate threat of violence (*compare, id.*). Rather, as indicated by the school district, the policy was adopted in compliance with the requirements of Education Law § 2801 and, merely reflecting good pedagogy, was intended for general supervisory purposes.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint and all cross claims dismissed against defendant Greater Johnstown Enlarged School District.