OPINION OF THE COURT
Per Curiam.
Order, entered April 11, 2012, affirmed, with $10 costs.
Plaintiffs commenced this negligence action seeking to recover damages for injuries the then nine-year-old infant plaintiff allegedly sustained when, during an after-school program run by defendant, he was struck in the face by a chair that was pushed or “bumped” by a fellow student, one “Nando.” Accepting as true the facts alleged by plaintiffs in opposing summary judgment, and drawing all reasonable inferences in the light most favorable to them (see Asabor v Archdiocese of N.Y., 102 AD3d 524, 527 [2013]), the record shows that Nando and another (third) student were, at minimum, yelling and arguing for two or three minutes, in the presence of one or more of defendant’s counselors, before the “ruckus” escalated and plaintiff was hit by the chair.
While defendant sustained its summary judgment burden of establishing that it had no actual or constructive notice of any prior misconduct by Nando or the other unnamed student (see Mirand v City of New York, 84 NY2d 44, 49 [1994]), there remain material issues of fact as to whether defendant adequately supervised the students in its charge and, if not, whether the infant plaintiff’s injuries were foreseeable and proximately related to the absence of adequate supervision (id. at 49-50). Specifically, a trial is required to determine whether defendant’s counselors
“were presented with a potentially dangerous situation and failed to take ‘energetic steps to intervene’ in time to prevent one student from injuring another (Lawes v Board of Educ., 16 NY2d 302, 305; cf., Hanley v Hornbeck, 127 AD2d 905) . . . [and] whether [the infant plaintiffs] injuries were a foreseeable consequence of the [counselors’] alleged failure to respond appropriately as the events unfolded” *62 (Nelson v Sachem Cent. School Dist., 245 AD2d 434, 435 [1997]).
On this record, it cannot be said as a matter of law that the incident happened in “so short a span of time that ‘even the most intense supervision could not have prevented it’ ” (Janukajtis v Fallon, 284 AD2d 428, 430 [2001], quoting Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]).
Lowe, III, EJ., Shulman and Torres, JJ., concur.