[No. B091599. Second Dist., Div. Two. Oct. 20, 1995.]

BOYD KELSEY CHANEY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
STEPHANIE ANNE KENNEDY, Real Party in Interest.

154

COUNSEL

Douglas J. Rosner for Petitioners.

No appearance for Respondent.

Blum & Roseman and Mark E. Roseman for Real Party in Interest.

OPINION

NOTT, J.—Petitioners, husband and wife, seek a writ of mandate directing the superior court to set aside an order overruling their demurrer to the first, second and third causes of action set forth in real party's second amended complaint.

Code of Civil Procedure,[1] section 340.1 extends the statute of limitations for a civil action based on childhood sexual abuse. We are asked to determine whether the tolling provision of that statute applies to the wife of an

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

alleged abuser who is sued on a theory of negligent supervision. We hold that it does not.

## I. FACTS

In her amended complaint, real party in interest, Stephanie Anne Kennedy, alleges that Boyd Kelsey Chaney, a close personal friend of her family, sexually assaulted her while she was in his home over an eight-year period beginning in 1980 when she was ten years of age. On June 10, 1993, at the age of 23, Kennedy filed this action against her alleged assailant. Nancy Chaney (hereinafter Chaney) was joined on the theory that she caused Kennedy to suffer damages by negligently supervising her while she was in the Chaney home. When Chaney's demurrer to the negligent supervision count was overruled, this petition followed.

## II. DISCUSSION

A. *Statute of Limitations.*

██ The limitations period applicable to a cause of action for negligence is one year. (§ 340, subd. (3).) If the cause of action accrues while the plaintiff is a minor, the statute is tolled until he or she becomes an adult. (§ 352, subd. (a).) A complaint must, therefore, be filed within one year of the plaintiff's eighteenth birthday. Kennedy did not file her complaint until June 10, 1993, just a few days prior to her 23d birthday. Accordingly, unless section 340.1 applies, her suit against Chaney is time barred.[2]

In *Debbie Reynolds Prof. Rehearsal Studios* v. *Superior Court* (1994) 25 Cal.App.4th 222 [30 Cal.Rptr.2d 514] (*Reynolds*), we held that the delayed statute of limitations set forth in section 340.1 did not apply to the employer of an alleged abuser who was sued for his alleged direct negligence in hiring, supervising and retaining the abuser. (25 Cal.App.4th at pp. 232-233.)

As we noted in *Reynolds*, section 340.1, as originally enacted, applied only to a "household or family member." (*Reynolds, supra,* 25 Cal.App.4th at p. 230.) The purpose of the statute was to allow victims of *incest* an extended period of time within which to file civil suits against their molesters. (*Id.* at p. 232.) Later, the statute was amended to apply to all molesters,

---

[2]Section 340.1 provides, in pertinent part: "In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later."

not just to family members or to those residing in the victim's household. (*Ibid.*)

Although we concluded that the statute had been broadened, we specifically held that by its language, section 340.1 as amended, applies "only to those who perpetrate intentional acts of sexual abuse," and that nothing contained within the Legislative history "suggests that section 340.1 was intended to apply to 'related, ancillary' causes of action . . . ." (*Reynolds, supra*, 25 Cal.App.4th at p. 233.)

Real party offers no compelling reason why a wife charged on a theory of negligent supervision should be treated any differently than an employer charged with negligently hiring, training, supervising and retaining an abuser.

The issue is not whether an individual such as Chaney may be sued for negligent supervision. It is whether an extended statute of limitations should be applied to a cause of action premised upon the allegation that the wife of an abuser was negligent in supervising the child molestation victim.

As we stated in *Reynolds*: "There is an important distinction between a defendant who is accused of intentionally sexually abusing a child and one who, through their negligence, contributes to the damages of a child abuse victim. Our Legislature, aware it was limiting the scope of the statute, recognized that it is the *perpetrator* of the abuse who is responsible for instilling the psychological defense mechanism leading to repression. It is this aspect of the repression phenomenon that our Legislature found deserving of special attention and caused it to enact a delayed discovery statute of limitations directed specifically at the *perpetrator* of the sexual abuse." (*Reynolds, supra*, 25 Cal.App.4th at p. 233, italics added.)

## B. *Negligent Supervision*

We have concluded that Nancy Chaney's demurrer to the negligent supervision count should have been sustained because of the statute of limitations bar. In our opinion, however, the demurrer could also have been sustained[3] because of the insufficiency of the allegations.

Kennedy alleges that Boyd Chaney (her alleged assailant) paid "excessive attention" to her, and was "excessive" in his gift giving. Nancy Chaney's alleged negligence consisted of failing to recognize these "signs" as indicative of the *possibility* that her husband was sexually molesting Kennedy

---

[3]Where, as here, the demurrer is to a second amended complaint, it is questionable whether the plaintiff should be given leave to amend.

which caused her to fail to investigate the situation. As a result, Nancy Chaney "unintentionally provided unchecked access to [Kennedy] for [her husband]," which caused Kennedy to suffer "serious and lasting injury."

■ Where, as here, a "complaint alleges injuries resulting from the *criminal acts of third persons* . . . 'the common law, reluctant to impose liability for *nonfeasance*, generally does not impose a duty upon a defendant to control the conduct of another [citations], or to warn of such conduct [citations], unless the defendant stands in some *special relationship* either to the person whose conduct needs to be controlled, or to the foreseeable victim of such conduct. [Citations.]' " (*Rodriguez* v. *Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 712 [230 Cal.Rptr. 823], italics in original.) It has been recognized that where a wife invites a child into her home she assumes a special relationship based on the child's dependence upon her. (*Pamela L.* v. *Farmer* (1980) 112 Cal.App.3d 206, 211 [169 Cal.Rptr. 282].)

■ We have been unable to find a California case dealing with the precise question of the extent of a wife's duty to her minor invitees to prevent sexual assaults perpetrated by her husband. We believe, however, that public policy requires that where a child is sexually assaulted in the defendant wife's home by her husband, the wife's duty of reasonable care to the injured child depends on whether the husband's behavior was reasonably foreseeable. Without knowledge of her husband's deviant propensities, a wife will not be able to foresee that he poses a danger and thus will not have a duty to take measures to prevent the assault. Although a wife's knowledge may be proven by circumstantial evidence, such inference must reflect the wife's actual knowledge and not merely constructive knowledge or notice. "[A]ctual knowledge can be inferred from the circumstances only if, in the light of the evidence, such inference is not based on speculation or conjec- ture. Only where the circumstances are such that the defendant 'must have known' and not 'should have known' will an inference of actual knowledge be permitted." (*Uccello* v. *Laudenslayer* (1975) 44 Cal.App.3d 504, 514, fn. 4 [118 Cal.Rptr. 741, 81 A.L.R.3d 628].)

The question now is what facts are required to be alleged to show a defendant wife's knowledge that her husband harbors deviant propensities which could cause him to sexually molest a child. *Pamela L.* v. *Farmer, supra*, 112 Cal.App.3d 206 is instructive. There, a wife, knowing her hus- band had a record as a sexual offender, invited minor girls to swim at her pool in her absence and told their parents it was safe because her husband would be there. (*Id.* at pp. 209-210.) When the minor plaintiffs sued her for negligence, the defendant wife demurred claiming she owed the plaintiffs no duty of care. The superior court sustained the wife's demurrer and entered a

judgment of dismissal. On appeal the court held that a duty existed because the wife, by her own acts, increased the risk of molestation. (*Ibid.*) Although the plaintiffs did not allege that the defendant wife actually knew her husband was engaging in acts of molestation, they alleged facts (knowledge of prior instances of sexual molestation on the part of the husband) which demonstrated that she knew about her husband's deviant propensities. (*Id.* at pp. 208-209.)

Kennedy alleges that Nancy Chaney—as Boyd Chaney's wife—had "special and confidential information" about his "deviant sexual preferences and desires" which she failed to "recognize, accept and interpret." The implication is that because Nancy Chaney and Boyd Chaney were married and, presumably, had sexual relations, Nancy Chaney should have realized that her husband was interested in engaging in sexual relations with a minor. The fact that a husband and wife have a special relationship which is based, in part, on marital relations, means that a wife has some knowledge of her husband's sexual desires. It does not mean that she has "special" information about any "deviant" practices in which he wishes to engage. In fact, in most cases a man harboring such desires would wish to—and undoubtedly does—keep them secret, especially from his wife.

Kennedy also suggests that a wife must always assume that her husband is likely to molest a child who comes into his home unless the wife is diligent in her supervision of the child, and that the wife, being armed with the proper fear, is required to examine every aspect of her husband's behavior to determine whether he is exhibiting signs indicating that he is contemplating molesting the minor. A wife has no such duty. It is not enough to allege that the sexual misconduct was *conceivable*. (See *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 450, fn. 9 [256 Cal.Rptr. 766, 769 P.2d 948].) The plaintiff must allege facts showing that it was *foreseeable*, i.e. facts from which it can be inferred that the defendant wife *must have known* that her husband was engaging in, or wished to engage in, acts of sexual misconduct with a minor.

Kennedy has alleged that her assailant was "excessive" in his gift giving, and paid "excessive" attention to her. These facts, standing alone, are insufficient to show that Chaney had knowledge of her husband's deviant propensities such that it would cause her to take measures to prevent the sexual abuse alleged, i.e. conduct an investigation, warn of the danger, etc.

Accordingly, Chaney's demurrer to the negligent supervision cause of action contained within Kennedy's complaint could have been sustained.

## III. Disposition

The superior court is directed to set aside its order overruling petitioner Nancy Chaney's demurrer to the third cause of action for negligent supervision and to enter a new and different order sustaining her demurrer to the third cause of action without leave to amend. The petition is denied in all other respects. The temporary stay imposed on May 15, 1995, is vacated.

Boren, P. J., and Fukuto, J., concurred.