SONENSHINE, J., Concurring and Dissenting.
I concur in the majority opinion to the extent it reverses the judgment as to Atherton. I dissent to the extent it affirms the judgment in favor of the Western Province of the Servites, Inc.
I
Introduction
The plaintiffs’ complaint alleges the Servites negligently hired and supervised Atherton, causing them significant damage. The trial court sustained the Servites’ demurrer, finding the 1990 amendment to Code of Civil Procedure section 340.1[1] did not revive the claims and thus they were time barred. The Legislature amended the section again, this time specifically “reviving those causes of action which had lapsed . . . under the [prior] law . . . .” (§ 340.1, subd. (o).)
The question we answer is therefore different than the one the trial court addressed. We determine whether civil actions for recovery of damages suffered as a result of childhood sexual abuse encompass a student’s cause of action against the teacher’s employer for the negligent hiring and supervision of its employee. My colleagues conclude they do not. They misread section 340.1. The Legislature intended all civil actions based on child abuse to come within the statute’s purview.
II
Legislative History
As originally enacted, section 340.1 permitted a plaintiff to bring a claim alleging childhood sexual abuse by a household or family member any time *390 up to the plaintiff’s 21st birthday.[2] If the perpetrator was not a member of the designated class, the plaintiff had only one year from his or her 18th birthday in which to file suit. (§ 352, subd. (a).)
In Snyder v. Boy Scouts of America, Inc. (1988) 205 Cal.App.3d 1318 [253 Cal.Rptr. 156], the plaintiff sought recovery from the Boy Scouts alleging the organization failed to take proper precautions to guard against the sexual abuse perpetrated on him by his scout leader. Snyder instituted the suit more than one year after his 18th birthday and the trial court found it time barred. {Id. at pp. 1321-1322.)
On appeal, the plaintiff in Snyder conceded the scout leader failed to come within those defendants delineated in section 340.1, subdivision (a), but asked the court to nevertheless apply the statute.[3] The court declined the invitation. “In enacting a special statute of limitations for some sexual molestations the Legislature made a policy decision over the scope of the special statute. It deliberately chose to limit the scope of the statute to cases where the offending defendant was a ‘household or family member.’ The courts are not at liberty to rethink that policy decision or rewrite the statute to extend its application to persons excluded by the Legislature. . . . [Section 340.1 by its own terms does not apply to plaintiff’s cause of action.” {Snyder v. Boy Scouts of America, Inc., supra, 205 Cal.App.3d at p. 1325, italics added.)
The Legislature got the message. In response to Snyder and sensitive to the predicament in which this left many childhood sexual abuse victims, the Legislature amended section 340.1, subdivision (a) to apply to “any civil action for recovery of damages suffered as a result of childhood sexual abuse . . . .” (Italics added.)
*391 The Legislature had one other concern. Despite the language formerly contained in section 340.1, subdivision (d), the court in DeRose v. Carswell (1987) 196 Cal.App.3d 1011 [242 Cal.Rptr. 368], refused to apply the delayed discovery doctrine to a section 340.1 cause of action. Realizing the importance of an adequate time frame in which to file suit and the delayed discovery doctrine, the Legislature amended the section accordingly. (See Sen. Com. on Judiciary, Analysis of Sen. Bill No. 108 (1989-1990 Reg. Sess.) Apr. 4, 1989.) As a result, “the time for commencement of the action [is] within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later.” (§ 340.1, subd. (a).)
The 1990 amendments changed section 340.1 in three ways: Adult victims of childhood abuse are generally permitted a longer statutory time in which to file suit and may specifically rely on the delayed defense doctrine. Moreover, the statute is apt to all plaintiffs suffering damages resulting from childhood sexual abuse.
Ill
Clear Meaning of Statute
Only two courts have addressed the precise issue we consider. Not surprisingly, because the panels were almost identical, they came to the same conclusion.[4] In Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th 222, 233, the court concluded the Legislature limited the statutes applicability to defendants who perpetrate the sexual abuse. Thus, the court found the plaintiff’s cause of action against the dance studio based on its negligent hiring, training and retaining of abusing employees time barred.
The court determined the statutory text is clear and therefore controlling. It noted, “the words [are neither] at variance with the policy of the statute as a whole, [nor is there] a clearly expressed legislative intent [to the] contrary . . . .” (Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at p. 231.) I disagree. The statutory text may be clear but not in the manner the Reynolds court finds.
*392 The Reynolds court’s misreading of the section results from its ignoring some of the statutory language and analyzing the rest out of context. Reynolds maintained the statute “provides that a plaintiff may file a civil action seeking damages for ‘any act committed by a defendant against a plaintiff . . . and which act would have been proscribed’ by specified Penal Code sections . . . .” {Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at p. 231.) Not quite. The Legislature amended section 340.1 to permit a plaintiff a longer time within which to file “any civil action for recovery of damages suffered as a result of childhood sexual abuse . . . .” (§ 340.1, subd. (a), italics added.)
True, as the Reynolds court pointed out, the Legislature defined childhood sexual abuse in section 340.1, subdivision (b). But, contrary to the Reynolds court’s interpretation, the Legislature did not limit the applicability of the section to criminal perpetrators. Indeed, the Legislature specifically explained, “ ‘Childhood sexual abuse’ as used in this section includes any act committed by the defendant against the plaintiff that occurred when the plaintiff was under the age of 18 years and that [is criminally] . . . proscribed . . . .” (§ 340.1, subd. (b), italics added.)
IV
Legislative Intent and Evolution of Proposed Statute
The result is the same even if the language of section 340.1 is deemed ambiguous. “When statutory language is amenable to a range of meaning, . . . perhaps the factor of greatest significance in the interpretive equation is that of legislative purpose.” (Natural Resources Defense Council v. Fish & Game Com. (1994) 28 Cal.App.4th 1104, 1123 [33 Cal.Rptr.2d 904].) “ ‘Once the intention of the Legislature is ascertained[,] it will be given effect even though it may not be consistent with the strict letter of the statute.’ ” (People v. Ali (1967) 66 Cal.2d 277, 280 [57 Cal.Rptr. 348, 424 P.2d 932].)
The Reynolds court concedes “[t]he purpose of the 1990 statutory change was ... to overcome the holding in Snyder . . . .” {Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at pp. 230-231.) As explained, the Court of Appeal in Snyder held the plaintiff was not entitled to an extended statute of limitations in his suit against the Boy Scouts because the perpetrator of the criminal conduct was neither a family member nor a household member. {Snyder v. Boy Scouts of America, Inc., supra, 205 Cal.App.3d at p. 1325.)
The legislative purpose of overcoming Snyder can only be effectuated by reading the statute to include defendants other than criminal perpetrators. *393 Reynolds’ s statutory interpretation would result in the exact conclusion the Legislature sought to avoid. Because the Reynolds court failed to grasp Snyder, its premise is faulty and its conclusion meaningless.
I also look to the “evolution of [the] proposed statute after its original introduction . . . [because it] offerfs] considerable enlightenment as to legislative intent.” (People v. Goodloe (1995) 37 Cal.App.4th 485, 491 [44 Cal.Rptr.2d 15].) After section 340.1 was introduced in December 20, 1988, several school districts complained it was “unclear whether civil actions related to child abuse, such as negligent hiring and employment by school districts or other employers ... are also included under this extensive statute of limitations umbrella." (Letter from Nancy B. Bourn of Breon, O’Donnell & Miller to Assembly Member Maxine Waters (May 5, 1989) regarding Sen. Bill No. 108.) The Legislature did nothing to alleviate these concerns. Indeed, the bill, introduced in final form July 28, 1989, expanded the statute of limitations to eight years rather than five as first contemplated and included a specific reference to the delayed discovery doctrine. My “conclusion is [therefore] supported by the legislative history of ... . [t]he original bill [which despite concerns to the contrary] became increasingly broader in scope as it went through successive drafts . . . .” (People ex rel. Mautn v. Quattrone (1989) 211 Cal.App.3d 1389, 1396 [260 Cal.Rptr. 44].)
V
Conclusion
The Reynolds court opined: “There is an important distinction between a defendant who is accused of intentionally sexually abusing a child and those who, through their negligence, contribute to the damages of a child abuse victim. . . . [I]t is the perpetrator of the abuse who . . . instill[s] the psychological defense mechanism leading to repression . . . [and thus] deserve[s] . . . special attention ... [in the form of] a delayed discovery statute of limitations directed specifically at [him or her] . ... [f] ... To allow lawsuits based on an employer’s negligence in hiring, training and retaining an employee years after the abuse is alleged to have occurred, and, in many cases, years after the assailant’s employment has ended, would, we believe, have serious economic repercussions which would stifle business growth. [1 More importantly, it would deny such defendants a meaningful opportunity to defend . . . . To . . . [apply the section to employers would] defeat the purpose of a statute of limitations, which is to prevent claims from being brought when memories have faded, evidence has been lost, and witnesses have disappeared. [Citation.]” (Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at pp. 233-234.)
*394 As before, the court is wrong because having failed to understand Snyder, all of its resulting conclusions fall as well. But there is more.
The Legislature had no intention of differentiating between intentional and negligent tortfeasors or to limit the statute’s applicability to intentional acts. The Legislature meant only to define the necessary underlying conduct. Stated another way, the statute is apt when a plaintiff alleges either a defendant’s intentional acts caused him or her damages or a defendant’s negligent acts caused damages resulting from another’s intentional conduct.
Reynolds’s reliance on J. C. Penney Casualty Ins. Co. v. M. K. (1991) 52 Cal.3d 1009 [278 Cal.Rptr. 64, 804 P.2d 689], is misplaced. In J. C. Penney, our Supreme Court merely concluded neither the terms of the underlying insurance policy nor a statutory mandate compelled insurance coverage for an insured accused of childhood sexual abuse.
Far more relevant for our purposes is John R. v. Oakland Unified School Dist. (1989) 48 Cal.3d 438, 451 [256 Cal.Rptr. 766, 769 P.2d 948], where the Supreme Court determined school districts are not vicariously liable for the sexual abuse their employees commit on minors, but they must exercise due care in “the careful selection of . . . employees and the close monitoring of their conduct . . . and [are] subjectf] ... to liability ... for their own direct negligence in that regard.” (See also Roman Catholic Bishop v. Superior Court (1996) 42 Cal.App.4th 1556 [50 Cal.Rptr.2d 399]; Virginia G. v. ABC Unified School Dist. (1993) 15 Cal.App.4th 1848 [19 Cal.Rptr.2d 671].)
The Reynolds court concluded it is unfair to include noncriminal defendants within the purview of the statute. But this is not for us to decide. Moreover, viewed within the correct legislative and case law context, this is the only possible result. As the John R. court explained, “. . . the teacher’s threats may be taken into account in resolving the procedural status of plaintiffs’ claims against the district.” (John R. v. Oakland Unified School Dist., supra, 48 Cal.3d at p. 445, fn. omitted.) “[I]t would plainly be inequitable to permit the district to escape liability only because the teacher’s threats succeeded in preventing his victim from disclosing the molestation until the time for filing a claim against the district had elapsed.” {Id. at p. 446.) “[I]f the employee succeeds by threats or duress in coercing the victim not to file a claim within the relevant period, the employer may be estopped from relying on that separate and independent misconduct to absolve itself of any responsibility for its own [conduct].” (Id. at pp. 445-446, fn. 5.)
My colleagues appear to have forgotten the “ ‘ “golden rule of statutory interpretation[.] [The] unreasonableness of the result produced by one *395 among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result.” ’ . . .” (Los Angeles Taxpayers Alliance v. Fair Political Practices Com. (1993) 14 Cal.App.4th 1214, 1222 [18 Cal.Rptr.2d 472], citation omitted.)[5] Our Legislature was painfully aware that childhood sexual abuse by definition often leads to repressed memories. It makes no sense to interpret this section as requiring some plaintiffs to file actions at a time when they have no memory of the conduct upon which their claims are made. In essence the ability to assert cause of actions against noncriminal defendants would be limited to those adult childhood abuse victims who do not suffer from the very syndrome typically associated with their abuse. This result is particularly nonsensical in light of other such plaintiffs’ right to toll the statute based on independent threats and acts of duress. (John R. v. Oakland Unified School Dist., supra, 48 Cal.3d at p. 446.)
The Legislature’s response to Snyder and DeRose provided all victims of childhood sexual abuse with the opportunity to seek meaningful redress from all those who cause them harm. The majority opinion perverts the Legislature’s intentions, adding further injury to already damaged plaintiffs.
I would reverse the judgment in favor of the Servites and permit the appellants to amend their complaint to allege the statute was tolled by the delayed discovery doctrine pursuant to John R.
Appellants’ petition for review by the Supreme Court was denied August 13, 1997. Mosk, J., and Werdegar, J., were of the opinion that the petition should be granted.

All further statutory references are to the Code of Civil Procedure.

“Former section 340.1 provided [in part]: fig ‘{a.) In any civil action for injury or illness based upon lewd or lascivious acts with a child under the age of 14 years,... in which this conduct is alleged to have occurred between a household or family member and a child where the act upon which the section is based occurred before the plaintiff attained the age of 18 years, the time for commencement of the action shall be three years. F]Q (b) “Injury or illness” as used in this section includes psychological injury or illness, whether or not accompanied by physical injuiy or illness. [1 (c) “Household or family member” as used in this section includes a parent, stepparent, former stepparent, sibling, stepsibling, any other person related by consanguinity or affinity within the second degree, or any other person who regularly resided in the household at the time of the act, or who six months prior to the act regularly resided in the household. [*1 (d) Nothing in this bill is intended to preclude the courts from applying delayed discovery exceptions to the accrual of a cause of action for sexual molestation of a minor.’ ” (Debbie Reynolds Prof. Rehearsal Studios v. Superior Court (1994) 25 Cal.App.4th 222, 230, fn. 2 [30 Cal.Rptr.2d 514].)

The court acknowledged a defendant could be estopped to rely on a statute of limitations defense because of fraud or improper inducement, but concluded the facts as alleged did not constitute either.

Justice Nott authored Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th 222 and Chaney v. Superior Court (1995) 39 Cal.App.4th 152 [46 Cal.Rptr.2d 73]. Presiding Justice Boren concurred in both. Justice Gates was the third panel member in Reynolds and Justice Fukuto completed the trio in Chaney.

The Chaney court reminds us the limiting of section 340.1 to situations where criminal conduct is alleged is not to render a plaintiff remediless. (Chaney v. Superior Court, supra, 39 Cal.App.4th 152.) A plaintiff alleging negligence may still sue, he or she just does not get the benefit of an extended statute of limitations. As explained, this in most instances proves to be a hollow victory.